FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 20, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ISIDRO Z.,<br><br>　　　　Plaintiff,<br>　v.<br><br>ANDREW M. SAUL, Commissioner of the Social Security Administration,<br><br>　　　　Defendant. | No: 4:20-CV-5027-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 11, 15.  This matter was submitted for consideration without oral argument.  Plaintiff is represented by attorney Chad L. Hatfield.  Defendant is represented by Special Assistant United States Attorney Jacob P. Phillips.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, ECF No. 11, **DENIES** Defendant's Motion for Summary Judgment, ECF No. 15, and **REMANDS** the case for additional proceedings consistent with this Order.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

Plaintiff Isidro Z.[1] filed an application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on June 15, 2016, Tr. 71, 96, alleging disability since August 1, 2010, Tr. 241, 248, due to knee problems, depression, lower back injury, upper back injury, and sternal deformities, Tr. 305. The application was denied initially, Tr. 161-67, and upon reconsideration, Tr. 173-86. A hearing before Administrative Law Judge Steward Stallings ("ALJ") was conducted on October 25, 2018. Tr. 36-70. Plaintiff was represented by counsel but was not present at the hearing. Tr. 38-39. The ALJ also took the testimony of psychological expert Ellen Rosenfeld, Ph.D. and vocational expert Daniel McKinney. Tr. 36-70. The ALJ denied benefits on January 23, 2019. Tr. 16-29. The Appeals Council denied Plaintiff's request for review on December 14, 2019. Tr. 1-5. The matter is now before this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

pertinent facts are summarized here.

Plaintiff was 44 years old at the alleged date of onset. Tr. 241. Plaintiff completed two years of college in 2013. Tr. 306. Plaintiff historically worked as a server/bartender/waiter describing himself as a banquet captain. Tr. 306-07. At the time of his application, Plaintiff stated that he stopped working on August 1, 2010, due to his conditions. Tr. 305.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

1  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court

2  will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An

3  error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability

4  determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's

5  decision generally bears the burden of establishing that it was harmed. *Shinseki v.*

6  *Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

8  A claimant must satisfy two conditions to be considered "disabled" within the

9  meaning of the Social Security Act. First, the claimant must be "unable to engage in

10  any substantial gainful activity by reason of any medically determinable physical or

11  mental impairment which can be expected to result in death or which has lasted or

12  can be expected to last for a continuous period of not less than twelve months." 42

13  U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity

14  that he is not only unable to do his previous work[,] but cannot, considering his age,

15  education, and work experience, engage in any other kind of substantial gainful

16  work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

17  The Commissioner has established a five-step sequential analysis to

18  determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§

19  404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner

20  considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i),

21  416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the

burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 1, 2010, the alleged onset date. Tr. 18. At step two, the ALJ found that Plaintiff has the following severe impairments: history of low back injury, status post left-sided L5 laminectomy and microdiscectomy in April 2010; degenerative disc disease of the thoracic spine; major depressive disorder; and somatic disorder. Tr. 18-19. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 19. The ALJ then found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.927(b) with the following limitations:

> he requires a sit-stand option, defined as change from a standing position to a sitting position, or vice versa, every 30 minutes for up to five minutes if necessary/at his discretion while remaining at the work station. He can never climb ladders, ropes, and scaffolds but can occasionally (one-third of the workday) stoop, crouch, kneel, crawl, and climb ramps and stairs and would need to avoid all exposure to unprotected heights and moving or dangerous machinery. He could perform detailed instructions but not complex tasks with no more than brief and superficial interaction with the general public and only occasional interaction with coworkers and supervisors.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7

Tr. 19.

At step four, the ALJ identified Plaintiff's past relevant work as a server, a bartender, a composite job of banquet captain, and a dining room attendant and found that Plaintiff could not perform this past relevant work. Tr. 27. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform, including: bench assembler; garment sorter; and dannery [sic] worker[2]. Tr. 28. On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from August 1, 2010, the alleged onset date, through the date of his decision. Tr. 29.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying him DIB under Title II and SSI under Title XVI of the Social Security Act. ECF No. 11. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered the medical opinions in the record;
2. Whether the ALJ properly considered the evidence under Listing 1.04;
3. Whether the ALJ properly considered Plaintiff's symptom claims; and
4. Whether the ALJ erred at Step Five.

---

[2] The Dictionary of Occupational Titles code attached to this occupation was for a cannery worker.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

# DISCUSSION

**1.    Medical Source Opinions**

Plaintiff challenges the weight the ALJ assigned to the medical opinions of Beverly Shapiro, M.D., Tasmyn Bowes, Psy.D., and Janis Lewis, Ph.D.  ECF No. 11 at 9-15.

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).

**A.    Beverly Shapiro, M.D.**

On March 24, 2016, Dr. Shapiro completed a Physical Functional Evaluation form for the Washington Department of Social and Health Services (DSHS).  Tr. 826-30.  She diagnosed Plaintiff with low back pain with sciatica status post laminectomy and a protruding rib.  Tr. 827.  She opined that Plaintiff was capable of performing sedentary work in a regular and predictable manner despite his impairment.  Tr. 828.  Sedentary work is defined as "[a]ble to lift 10 pounds maximum and frequently lift or carry lightweight articles.  Able to walk or stand only for brief periods."  *Id*.  She stated that "Patient could probably benefit from

1   orthopedic and/or physiatry evaluation and treatment." Tr. 828.

2       The ALJ gave the opinion limited weight because Dr. Shapiro, "indicated that
3   the claimant could benefit from orthopedic evaluation and treatment, which indicates
4   she was not aware of the claimant's medical history or of already performed image
5   testing." Tr. 25.

6       The Ninth Circuit has found that an opinion can be rejected for being based on
7   an inaccurate diagnostic understanding of a claimant's condition. *See Chaudhry v.*
8   *Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). However, the ALJ's finding that Dr.
9   Shapiro was not aware of Plaintiff's medical history or imaging is not supported by
10  substantial evidence. Dr. Shapiro quoted Plaintiff's December 18, 2014 MRI on the
11  form for DSHS. Tr. 696 (December 18, 2014 MRI showing at L2-3: "There is a
12  right lateral disc protrusion touching and slightly displacing the nerve root"; at L4-5:
13  "There is decreased height and signal of the disc on T2-weighted images with
14  prominent anterior osteophyte and left-sided laminectomy changes" and "There is a
15  small disc protrusion extending into both neural foramen but without nerve root
16  compression."), Tr. 827 ("Had MRI of L spine: 12/18/14 right lateral disc protrusion
17  L2-3, promiat [sic] osteophytes anteriorly and le[f]t sided laminectomy changes L4-
18  5 and small disc protrusion L4-5 see additional enclosed studies."). Therefore, she
19  was aware of claimant's medical history and had access to his imaging reports. As
20  such, the ALJ's reason for rejecting Dr. Shapiro's opinion is not supported by
21  substantial evidence and cannot support the ALJ's determination.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

**B.     Tasmyn Bowes, Psy.D. and Janis Lewis, Ph.D.**

On February 29, 2016, Dr. Bowes completed a Psychological/Psychiatric Evaluation of Plaintiff for DSHS.  Tr. 814-25.  She diagnosed Plaintiff with persistent depressive disorder and panic disorder.  Tr. 816.  She stated that Plaintiff had a marked limitation in the abilities to understand, remember, and persist in tasks by following detailed instructions, to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, and to complete a normal work day and work week without interruptions from psychologically based symptoms.  Tr. 817.  In addition, she opined that Plaintiff had a moderate limitation in four basic work activities.  *Id*.  She opined that the overall severity based on the combined impact of all diagnosed mental impairments was severe.  *Id*.

In April of 2016, Dr. Lewis reviewed Dr. Bowes' form for DSHS and medical records from QTC Medical Group.  Tr. 834-39.  She opined that Plaintiff had a severe limitation in the abilities to understand, remember, and persist in tasks by following detailed instructions, to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, to learn new tasks, to communicate and perform effectively in a work setting, to maintain appropriate behavior in a work setting, to complete a normal workday and workweek without interruptions from psychologically based symptoms, and to set realistic goals and plan independently.  Tr. 836.  She further limited Plaintiff to sedentary work with

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

severe environmental restrictions, postural restrictions, and gross or fine motor skill restrictions.  Tr. 837.

The ALJ rejected both opinions for three reasons:  (1) the opinions were internally inconsistent; (2) the opinions were in contradiction to all the other mental capacity evaluations and assessments in the record; and (3) Dr. Bowes opined that Plaintiff's limitations would only last for six to twelve months.  Tr. 26.

The ALJ's first reason for rejecting the opinions, that they were internally inconsistent, is not specific and legitimate.  An ALJ may cite internal inconsistencies in evaluating a physician's report. *Bayliss*, 427 F.3d at 1216.  Here, the ALJ stated that "Dr. Bowes' examination of the claimant was unremarkable and even the claimant's complaints did not raise to the level of 'marked' limitations." Tr. 26.  In doing so, the ALJ failed to provide what evidence from Dr. Bowes' evaluation undermined the opinion.  Therefore, this fails to meet the specific portion of the specific and legitimate standard. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct.").

The ALJ's second reason for rejecting the opinions, that they were contrary to all other mental capacity evaluations and assessments of record, is not specific and legitimate.  Again, the ALJ failed to provide any evidence in the record demonstrating that these opinions were contrary to the other evaluations in the

1  record. Tr. 26. Therefore, this fails to meet the specific portion of the specific and

2  legitimate standard under *Embrey*.

3        The ALJ's third reason for rejecting the opinions, that Dr. Bowes

4  estimated that the duration of Plaintiff's limitation was six to twelve months,

5  is not specific and legitimate. The Ninth Circuit has found the following:

> To establish a claimant's eligibility for disability benefits under the Social Security Act, it must be shown that: (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than **twelve months**; and (b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett*, 180 F.3d at 1098; 42 U.S.C. § 423(d)(2)(A) (emphasis added). The required twelve months is referred to as the durational requirement. Dr. Bowes opined that Plaintiff would be impaired with available treatment for six to twelve months. Tr. 818. Dr. Lewis opined that with an onset of February 29, 2016, the impairments would last for a year. Tr. 835. No part of Dr. Bowes' opinion regarding duration renders it unreliable as it meets the 12-month requirement with the range of six to twelve months. Therefore, this fails to support rejecting the opinions.

**2. Listing 1.04**

      Plaintiff alleges that the ALJ erred in properly assessing whether he met or equaled Listing 1.04. ECF No. 11 at 15-17.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13

1    If a claimant has an impairment or combination of impairments that meets or
2    equals a condition outlined in the "Listing of Impairments," then the claimant is
3    presumed disabled at step three, and the ALJ need not consider his age, education,
4    and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d). An ALJ must evaluate
5    the relevant evidence before concluding that a claimant's impairments do not meet
6    or equal a listed impairment. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). A
7    boilerplate finding is insufficient to support a conclusion that a claimant's
8    impairment does not meet a listing. *Id*.
9    Here, the ALJ found that Plaintiff's imaging showed "multilevel degenerative
10   disc disease with disc osteophyte complexes at C5-6 and C6-7, producing mild to
11   moderate canal stenosis," but "[t]here is otherwise no evidence of any current nerve
12   root compression characterized by neuroanatomic distribution of pain, limitation of
13   motion of the spine, motor loss accompanied by sensory or reflex loss, and positive
14   straight leg raising test." Tr. 19. However, the evidence demonstrates that there is
15   evidence of limited range of motion of the spine, motor loss, sensory loss, and
16   positive straight leg raising tests. Plaintiff demonstrated decreased range of motion,
17   Tr. 827, 845, 933, 941, decreased pinprick sensation, Tr. 497, 771, 827, and positive
18   straight leg testing, Tr. 497, 772, 798, 827, 845. Therefore, the ALJ's determination
19   is not supported by substantial evidence.
20   Without making a finding that there is sufficient evidence to support a finding
21

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14

1  that Plaintiff equals or meets Listing 1.04, the Court finds that the ALJ's assertion of

2  the lack of evidence is not an accurate reflection of the record.  Upon remand, the

3  ALJ will readdress the record in light of Listing 1.04.

4  **3.    Plaintiff's Symptom Statements**

5  Plaintiff challenges the ALJ's treatment of his symptom statements.  ECF No.

6  11 at 17-20.

7  It is generally the province of the ALJ to make determinations regarding the

8  reliability of Plaintiff's symptom statements, *Andrews v. Shalala*, 53 F.3d 1035,

9  1039 (9th Cir. 1995), but the ALJ's findings must be supported by specific cogent

10 reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent

11 affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's

12 testimony must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d

13 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834.

14 The ALJ found Plaintiff's "statements concerning the intensity, persistence,

15 and limiting effects of these symptoms are not entirely consistent with the medical

16 evidence and other evidence in the record for the reasons explained in this decision."

17 Tr. 20.  The evaluation of a claimant's symptom statements and their resulting

18 limitations relies, in part, on the assessment of the medical evidence.  See 20 C.F.R.

19 §§ 404.1529(c), 416.929(c); S.S.R. 16-3p.  Therefore, in light of the case being

20 remanded for the ALJ to readdress the medical source opinions in the file, a new

21 assessment of Plaintiff's subjective symptom statements will be necessary.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

**D.  Step Five**

Plaintiff challenges the ALJ's step five determination.  ECF No. 11 at 20-21.  This challenge is derivative of the Plaintiff's challenge to the medical opinion evidence.  *Id*.  Since this case is remanded for the ALJ to properly address the medical opinion evidence, the ALJ will make a new step five determination on remand.

**CONCLUSION**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]"  *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met).  This policy is based on the "need to expedite disability claims."  *Varney*, 859 F.2d at 1401.  But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *See Benecke v. Barnhart*,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 16

379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ needs to properly evaluate the medical opinions, properly address the evidence in light of Listing 1.04, properly consider Plaintiff's symptom statements, and make a new step five determination. The ALJ also will supplement the record with any outstanding medical evidence and call a vocational expert to testify at the remand proceedings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED, in part,** and the matter is remanded for further proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Plaintiff, and **CLOSE** the file.

**DATED** November 20, 2020.

                               *s/ Rosanna Malouf Peterson*
                          ROSANNA MALOUF PETERSON
                               United States District Judge